United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 31, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30779
Summary Calendar

_____

MICHAEL G. OLSEN, Individually and on
behalf of Cody Lee Olsen, on behalf of
Corey Wendell Olsen; KAYLEEN RENEE OLSEN,
Individually and on behalf of Cody Lee
Olsen, on behalf of Corey Wendell Olsen,

                                    Plaintiffs - Appellants

                    versus

CITGO PETROLEUM CORP.; ET AL.,

                                              Defendants,

CITGO PETROLEUM CORP.,

                                    Defendant - Appellee.

_____

HERBERT VERRET; JUNE VERRET,

                                    Plaintiffs - Appellants

                    versus

CITGO PETROLEUM CORP.; ET AL.,

                                              Defendants,

CITGO PETROLEUM CORP.,

                                    Defendant - Appellee.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC Nos. 2:01-CV-2413-PM-APW and 2:01-CV-2414-PM-APW

_____

Before REAVLEY, JOLLY, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

In 1994, Citgo Petroleum Corp. ("Citgo") and I.M.T.C., Inc. ("IMTC") entered into a contract for the performance of maintenance and construction services at Citgo's refinery in Calcasieu Parish, Louisiana. IMTC subcontracted part of the work to Triad Electric and Controls, Inc. ("Triad"). Plaintiffs-appellants Michael G. Olsen and Herbert Verret ("plaintiffs") were employed by Triad. The subcontract between IMTC and Triad provided that Triad's employees were the statutory employees of IMTC. In June 2000, Citgo and IMTC executed a change order which provided that Citgo was the statutory employer of all IMTC personnel assigned to provide services under the contract between IMTC and Citgo. On October 16, 2000, the plaintiffs were injured following a steam release at the refinery. They filed suit against Citgo and others, seeking damages for their injuries.

The district court granted summary judgment for Citgo, holding that the plaintiffs were statutory employees of Citgo. Therefore, their exclusive remedy against Citgo was under the Louisiana workers' compensation statutes.

The plaintiffs contend that issues of material fact exist as to the type of work contemplated by the contract between Citgo and

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

IMTC, and whether the work that was being performed at the time of the steam release was within the scope of work specified in the contract; that the June 2000 change order adding the requisite statutory employer language is not effective because it refers to a contract bearing a different number than the original contract between Citgo and IMTC; that the self-serving affidavit provided by Citgo, explaining that Citgo's contract numbering system had changed and that the original contract between Citgo and IMTC had been assigned the same number referred to in the change order, was insufficient to satisfy Citgo's summary judgment burden; and that Citgo's actions rose to the standard of gross negligence such that it is barred from asserting the statutory employer defense.

In a thorough and well-reasoned opinion, the district court considered and rejected each of the plaintiffs' arguments. The district court noted that, although the original contract between Citgo and IMTC bore a number different from the number of the contract referred to in the change order, Citgo had submitted an affidavit, from a source that the plaintiffs acknowledged to be credible, explaining that Citgo's contract numbering system had changed and that the original Citgo-IMTC contract now bore the same number as the contract referred to in the change order.[**] With respect to the scope of work contemplated by the contract, the

---

[**]We decline to consider the plaintiffs' contention, made for the first time on appeal, that the addendum made a retroactive substantive change to a contract to which Triad was not a party, and thus was not valid against plaintiffs.

3

district court quoted the broad contract language (describing the "scope of work" as "to perform and complete general mechanical maintenance and construction services") and cited deposition testimony establishing that IMTC was the only company that worked on routine capital projects at Citgo's Calcasieu Parish refinery in 1999 and 2000. The district court held that the actions of Citgo and its agents did not rise to the level of an intentional tort under Louisiana law because Citgo's failure to more closely inspect its equipment or to have additional safety devices installed and operating at the time of the plaintiffs' injuries did not constitute a desire for the plaintiffs to be hurt.

After consideration of the briefs and de novo review of the record, we conclude that the plaintiffs' challenge to the summary judgment is without merit and that the district court did not err by granting summary judgment for Citgo. Accordingly, the summary judgment is

AFFIRMED.